UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB I. MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>RON SUISSA,<br><br>Defendant. | 2:21-cv-01330-APG-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: ECF No. 1-1 |

Plaintiff seeks to proceed in this action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 1. Plaintiff also submitted a Complaint at ECF no. 1-1.

**I.    *In Forma Pauperis* Application**

Plaintiff submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff alleges violations of Title VII of the 1964 Civil Rights Act. ECF No. 1-1 at 3. He checks boxes identifying alleged adverse action and indicates the discrimination is based on his race, color, gender/sex, and national origin. *Id*. at 4. Plaintiff states a right to sue letter was issued on April 29, 2021, indicating his Complaint was timely filed.

To sufficiently state a *prima facie* case of discrimination in violation of Title VII, Plaintiff must allege sufficient facts to (1) demonstrate that he belongs to a protected class, (2) demonstrate that he was qualified for the job for which he applied and/or that he was doing, (3) identify the adverse employment action to which he was subjected, and (4) show similarly situated employees not in his protected class received more favorable treatment than he did. *See Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). Although Plaintiff identifies his protected classes, he provides no additional facts upon which relief may be granted pursuant to the standards established in *Iqbal*, 556 U.S. at 679. That is, Plaintiff must plead a plausible claim for relief that states more than a "mere possibility of misconduct." *Id.* A plausible claim is one that "pleads factual content" allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Plaintiff has not met this pleading standard. He alleges no facts from which a reasonable inference can be drawn that defendant is liable for discrimination or retaliation.

### III.   Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.  This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

### IV.   Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice and with leave to file an amended complaint that meets the pleading requirements identified above.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint, he must do so no later than **September 7, 2021**.  Failure to comply with this recommendation may result in a further recommendation that this action be dismissed.

Plaintiff is advised that if he chooses to file an amended complaint, the document must be titled "Amended Complaint."  The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction.  *See* Fed. R. Civ. P. 8(a)(1).  The amended complaint must also contain a short and plain statement **describing the underlying facts** supporting Plaintiff's claims that Defendant's conduct constitutes discrimination.  *See* Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the defendant fair notice of Plaintiff's claims against it and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case.  As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents.  The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

DATED THIS 6th day of August, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).